in no sense service on the defendant corporation; there being no provision in the Code that service on the agent is service on the principal.

Judgment reversed, with costs, and complaint dismissed, with costs.

---

In re DAVENPORT.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. EXECUTORS AND ADMINISTRATORS (§ 20*)—PROCEEDINGS FOR APPOINTMENT—PERSONS ENTITLED TO NOTICE—ATTORNEY GENERAL.

Code Civ. Proc. § 2663, providing that, where the surrogate cannot ascertain whether the decedent left any person entitled to his estate, a citation must be issued to all creditors of and persons interested in the estate, and to the Attorney General, requiring them to show cause why administration should not be granted to the petitioner, does not, where the surrogate is satisfied that there are persons entitled to succeed to the estate and that they do not live within the state, entitle the Attorney General to notice of proceedings for the issuance of letters of administration to the public administrator, as authorized by section 2669, where the decedent leaves assets in the county, and does not leave a widow, descendant, or next of kin residing in the state.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 20.*]

2. EXECUTORS AND ADMINISTRATORS (§ 472*)—ACCOUNTING—NOTICE TO ATTORNEY GENERAL.

In proceedings for the settlement of the account of a public administrator as the administrator of an estate, it was not necessary to include the Attorney General in the citation.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 472.*]

3. EXECUTORS AND ADMINISTRATORS (§ 314*)—DISTRIBUTION OF ESTATE—REFERENCE—NOTICE TO ATTORNEY GENERAL.

Code Civ. Proc. § 2747, requiring that, when the persons entitled to a legacy or distributive share are unknown, the decree must direct that the amount be paid into the treasury of the state for the benefit of whomsoever may be entitled, to be ascertained by a proceeding in the court on notice to the Attorney General, does not require notice to the Attorney General of a reference in the Surrogate's Court to take proof of the rights of the claimants, by which reference was determined that part of the next of kin of decedent were unknown and unascertainable, pursuant to which the money was deposited in the state treasury.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 314.*]

Appeal from Surrogate's Court, Kings County.

In the matter of the judicial settlement of the account of William B. Davenport, former public administrator, etc., as to the estate of John E. Hughes. From an order of the Surrogate's Court, the People appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and THOMAS, JJ.

Henry Hogeboom, for the People.

William Pinkney Hamilton, Jr., J. Harry Snook, and R. M. Cahoone, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

THOMAS, J. ·Upon his petition it was in 1903 ordered that letters of administration issue to the public administrator of the county of .Kings, and it was done. The petition shows that the decedent, leaving assets in the county of Kings, did not leave widow, descendant, or next of kin residing in this state. Such facts, if true, entitled the petitioner to letters. Code Civ. Proc. § 2669. The Attorney General was not notified of this application, or of an order appointing a referee to take proof of the rights and interests of persons claiming the estate, the report of the referee, or the final decree, and asks to set aside the order of reference and whatever resulted from it. The Attorney General asserts his right by virtue of section 2663 of the Code, that:

"Where the surrogate is unable to ascertain, to his satisfaction, whether the decedent left, surviving him, any person entitled to succeed to his estate, a citation must be issued directed generally to all creditors of, and persons interested in the estate, and also to the Attorney General, and the public administrator of the proper county, requiring them to show cause why administration should not be granted to the petitioner."

This section relates to the earlier sections, which have to do with usual applications for letters of administration, and is intended to point out the surrogate's powers and the observable practice in notifying parties interested and in appointing an administrator. The essential purpose of the statute is to grant letters to the person first entitled, and to command that, if the petitioner has not that status, the surrogate shall cite those superior or equal in right, and superadds a discretion to cite persons interested in the estate. But it may happen that the surrogate cannot ascertain whether there is "any person entitled to succeed" to the estate. Then other persons should be cited and heard. Such are creditors, the Attorney General, the public administrator. But:

"Where it is not necessary to cite any person, a decree, granting to the petitioner letters, may be made on presentation of the petition."

In the present case the surrogate presumptively was satisfied that there were persons entitled to succeed to the estate, and that they did not live in the state of New York. This entitled the public administrator to letters. He petitioned and convinced the court of his right. No doubt arose requiring solution that demanded notice of hearing to, and advice by, the Attorney General. So the letters were duly issued to the public administrator. The next step was the settlement of the administrator's account. The Attorney General was duly omitted from the citation, and I discern no occasion for his presence. Then reference was made to take proof of the rights of the claimants.

The Attorney General asserts a right to notice of this order by virtue of section 2747 of the Code. This section requires that, when the person entitled to a legacy or distributive share is unknown, the decree must direct that the amount be paid into the treasury of the state for the benefit of whomsoever may be entitled, to be ascertained by a proceeding in court, upon notice to the Attorney General. The reference, under present decisions, does not fall within that section.

How is to be ascertained whether the "person entitled to a  *  *  * distributive share is unknown"? That fact must appear before the deposit of the money in the treasury of the state. So the reference was had to learn whether there were known or unknown parties entitled to share, and it was found that the maternal next of kin were known, and the paternal next of kin were entirely unknown and unascertainable; and so the money, by order of the surrogate, was deposited in the state treasury, awaiting application for it under section 2747.

The Attorney General has not been deprived of any day in court to which he is entitled, and the order should be affirmed. All concur.