George A. Brenner, S.
In this accounting proceeding the petitioner has requested that the court determine the distributees of decedent and declare dead as of a date prior to the death of decedent an absentee, who, if living, would have been a distributee.
The decedent died on January 15, 1955, intestate, a resident of Westchester County, and letters of administration were issued to the Public Administrator on February 1,1955.
A hearing was held on July 30,1957 and evidence was adduced for the purpose of establishing the distributees of decedent. Included in the numerous exhibits, which were received in evidence, was a genealogy book, published in 1888, which established that decedent’s father was one of nine children. The evidence further established that on the paternal side all aunts and uncles of decedent predeceased her and that only two of decedent’s aunts and uncles had children, such children being first cousins of decedent. One of decedent’s first cousins on the paternal side of the family appeared in court and testified that he was one of three children of an uncle of decedent and that the other two children had predeceased the decedent.
Another of decedent’s uncles likewise had three children and it was clearly established that two of such children predeceased the decedent. With respect to the third child, Charles Stanford Timberman, the absentee, no direct evidence was introduced to establish his death. However, a nephew of Charles Stanford Timberman testified that he cannot remember ever having seen his uncle and that neither he nor any member of his family had seen or heard from the missing person for many years. The attorney for two of the distributees, as well as the special guardian, conducted exhaustive investigations in an attempt to uncover information concerning the whereabouts or existence of decedent’s missing cousin. Among other things, all known members of the missing cousin’s family were interviewed and the records of several probate courts were searched. In addition, several letters were written to various individuals bearing a name similar to that of the missing cousin, and letters were • also written to official agencies to determine whether or not such cousin had died. The foregoing efforts to locate the missing cousin produced no information as to his whereabouts or as to *447 his continued existence. If such cousin were now living he would be 89 years of age.
The missing cousin, if living, or his distributees, if any, were cited in this proceeding and such citation was duly published. This procedure received judicial approval in Matter of Benjamin (155 App. Div. 233) where the court determined that the missing person had predeceased the decedent.
In Matter of Wagener (143 App. Div. 286) the basis upon which a missing person might be declared dead is set forth at page 288 as follows: “ Rights are not to be held in abeyance indefinitely on account of the absence of a person of whom no trace can be found. He may not be dead, but he will be presumed to be dead for the purpose of fixing the rights of those known to be living. In Davie v. Briggs (97 U. S. 633) Mr. Justice Harlan quotes the. following rule from Stephen’s Law of Evidence (Chap. 14, art. 99): ‘* * A person shown not to have been heard of for seven years by those (if any) who, if he had been alive, would naturally have heard of him, is presumed to be dead, unless the circumstances of the case are such as to account for his not being heard of without assuming his death. ’ ” Applying the principles above set forth, the court determines that the missing cousin is presumed to be dead, and that he predeceased the decedent.
The proof adduced at the hearing with respect to the maternal side of decedent’s family established that the mother of decedent was one of two children; that decedent’s mother had a sister who had four children. The testimony and documentary evidence clearly established that three of decedent’s first cousins on the maternal side predeceased her, and that the fourth cousin survived her, having died on October 24, 1955.
Since subdivision 10 of section 83 of the Decedent Estate Law expressly provides that “ No representation shall be admitted among collaterals after brothers and sisters descendants ”, it is immaterial whether the missing cousin was survived by issue. (Matter of Wendel, 143 Misc. 480.)
Accordingly, the court determines that decedent was survived by Silas Henry Timberman and Delia Roosa Wood, as her sole distributees. The estate assets are therefore distributable in equal shares to Silas Henry Timberman and to the representative of the estate of Delia Roosa Wood.
Settle decree.