W. Vincent Grady, S.
Application has been made to this court pursuant to section 272 of the Surrogate’s Court Act by petitioners Edith Lucretia Cooke, the estate of Honor Alberta Houghton and Albert Courtland Sherman, claiming to be the distributees of Ethel Sherman Harris, deceased, and entitled to recover the sum of $79,515.10 in cash deposited with the Comptroller of the State of New York on September 3,1959 and the beneficial interest in a certificate number 838 of Arlington Memorial Park Association, Inc., dated June 15, 1951, with an estimated beneficial interest in the sum of $10,559.10 also deposited with the Comptroller of the State of New York pursuant to decree of this court, being the net estate of said decedent.
Ethel Sherman Harris, died a resident of the Town of Fish-kill, Dutchess County, State of New York on April 26, 1958 leaving her surviving no known heirs. She left no will and on the 9th day of June, 1958 letters of administration on her estate were duly issued to Wilbur N. Creswell, Dutchess County Treasurer, who duly qualified as admimstrator and upon Ms final accounting after a citation was duly issued to all parties *596 interested herein, namely: unknown heirs, Attorney-General and the surety company, and no distributees having appeared to claim the estate, the court directed that the net estate be paid to the Comptroller of the State of New York.
* * * The court decides and finds as follows:
The proofs are mainly documentary and 65 exhibits were received in evidence.
The evidence establishes that the decedent was an only child, the daughter of Sarah Theresa Jacobs and Everett Sherman. She married one Walter C. Harris, who predeceased her. The evidence establishes that the decedent’s mother was one of six children all of whom predeceased decedent. Decedent’s father was one of six children all of whom predeceased her. Decedent’s four grandparents all predeceased her as shown by the exhibits. Thus the evidence discloses that all aunts, uncles, mother, father and grandparents all predeceased the decedent, so that first cousins would take, if they survived decedent.
On the maternal side decedent’s aunt Mary Elizabeth Jacobs had four children, who are first cousins of the decedent, and the evidence shows that they predeceased decedent. Decedent’s aunt Emma Lucretia Jacobs died in 1876 and the petitioner Edith Lucretia Cooke testified, to her knowledge, this aunt never had any children and no record can be found of any. Decedent’s uncle Willard Jacobs died in the Civil War in 1862, unmarried, and the decedent’s aunt Lucy Amelia Jacobs, who was also the mother of petitioner Edith Lucretia Houghton and the late Honor Alberta Houghton, whose estate is a petitioner, was the mother of five children. Petitioner’s sister Emma Theresa Houghton died in 1952 and her sister Lucy May Houghton died in 1878 and petitioner’s brother Benjamin Irving Houghton died in 1955, all prior to the decedent. It can thus be seen that the only distributees on the maternal side either surviving or who would take by reason of having survived the decedent are the petitioner Edith Lucretia Houghton and Honor Alberta Houghton who died August 19, 1959 subsequent to the death of the decedent. : 1 I
On the paternal side, decedent’s uncle Charles Sherman was the father of six children all of whom predeceased the decedent as shown by the exhibits. Decedent’s uncle David Sherman was the father of Albert C'ourtland Sherman, one of the petitioners. The said Albert Courtland Sherman was an only child as shown by the exhibits. Decedent’s aunt Annette E. Sherman was the mother of three children all of whom predeceased decedent; decedent’s uncle George T. Sherman was the father of nine children all of whom predeceased decedent as shown by an analysis *597 of the exhibits. As to two of these children, Ella Sherman and Franklin G. Sherman, they predeceased their father as is shown by the failure to mention them as distributees in the probate proceedings of George T. Sherman and the probate proceedings of Lucinda A. Sherman, the wife of George T. Sherman and the deeds from the estate of George T. Sherman. The death of Sarah 0. Sherman and Harry D. Sherman, the children of George T. Sherman, has been accounted for in a letter by Mrs. Hallie Zimmer, a granddaughter of George T. Sherman which traces the family of George T. Sherman.
The uncle of this decedent, Henry Sherman, was the father of three children. As to one of these, Everett M. Sherman, a death certificate has been filed but as to the other two, Augusta Sherman and Charles H. Sherman, no death certificates were found to be available. Among the exhibits offered were letters from the Bureau of Vital Statistics and the certificate of search made for these individuals. Proof was offered as to efforts made to ascertain the whereabouts of these individuals but they could not be located. In addition no members of the family had ever had any communication with them. It appears that exhaustive investigations were made in an attempt to gather information concerning the whereabouts of these cousins. Letters were written to various individuals and official agencies to determine whether or not such cousins had died. These efforts to locate the missing cousins produced no information as to their whereabouts or as to their continued existence. If such cousins were now living they would be 103 and 106 years of age.
A matter similar to the instant case has been determined in the Matter of Wright (10 Misc 2d 445). In that case, Matter of Wagener (143 App. Div. 286) was quoted and the basis upon which a missing person might be declared to be dead for the purposes of this type of proceeding is set forth at page 288 as follows: “ Rights are not to be held in abeyance indefinitely on account of the absence of a person of whom no trace can be found. He may not be dead, but he Avill be presumed to be dead for the purpose of fixing the rights of those knoAvn to be living. In Davie v. Briggs (97 U. S. 633) Mr. Justice Harlan quotes the folloAving rule from Stephen’s law of Evidence (Chap. 14, art. 99): ‘ * * * A person shown not to have been heard of for seven years by those (if any) who, if he had been alive, would naturally have heard of him, is presumed to be dead, unless the circumstances of the case are such as to account for his not being heard of Avithout assuming his death. ’ ”
Applying the principles above set forth, the court determines that the missing cousins, Augusta Sherman and Charles H. Sher *598 man aged 103 years and 106 years of age, respectively, are presumed to be dead, and that they predeceased the decedent.
It was shown by medical affidavit that the claimant Albert Conrtland Sherman was unable to appear in court because of physical disability.
It appears that prior to the hearing, the attorney for the petitioners furnished to the office of the Attorney-General a list of all the exhibits and documentary evidence intended to be offered upon the hearing to give the Attorney-General a full opportunity to examine the proofs and to question the same. However, no objections were interposed by the Attorney-General to the proofs submitted. This procedure appears to be eminently proper since the function of the Attorney-General in this proceeding is to represent the State Comptroller as the custodian of the property (Matter of Davenport, 142 App. Div. 41 and Matter of Kelly, 190 Misc. 250) and he should make every effort to safeguard the fund for the rightful distributees and against any attempt to wrongfully secure the property. While it is the duty of the court, in the final analysis, to make its determination as to the validity of the claims, the position of the Attorney-General amicus curies is always of immeasurable assistance.
Since subdivision 10 of section 83 of the Decedent Estate Law provides that “No representation shall be admitted among col-laterals after brothers and sisters descendants ’ it is immaterial whether the missing cousins were survived by issue.
The proof produced at the hearing clearly establishes that at decedent’s death, Edith Lucretia Cooke, Honor Alberta Houghton and Albert Conrtland Sherman were her only surviving first cousins and nearest next of kin and they or their representatives are entitled to her estate as distributees in equal shares.