OPINION OF THE COURT
Roger N. Rosengarten, J.
Plaintiff, a funeral home, brings this action for work, labor *232 and services performed and for goods and materials furnished to the defendant arising out of the funeral and interment of one Gretta Just on or about October 22, 1991.
The matter was submitted to the court on the following stipulated set of facts: "On October 22, 1991, the defendant, an attorney at law, signed a contract with the plaintiff for funeral services for the deceased, Gretta Just, in the following manner 'No personal liability, James Maniatis, as Executor.’ The fair and reasonable charge for the services rendered is $2,286.00, as indicated on the contract. The services were rendered as indicated in the contract. Demand for payment has been made without payment to date. The aforementioned will was never probated, as a result Mr. Maniatis was never in fact appointed executor. The estate of Gretta Just has now been turned over to the Public Administrator.” (Stipulation, Feb. 15, 1995.)
Pursuant to the "terms” paragraph of the contract, received in evidence as plaintiff’s exhibit: "This account becomes due on November 22, 1991.” Said paragraph further states: "[i]f the bill remains unpaid beyond November 22, 1991, a late charge of one and one-half percent (1.5%) per month (annual rate 18%) may be added to the unpaid portion of the balance due.”
To this date no fiduciary has been appointed to administer the estate, which, according to a letter submitted into evidence by the defendant, is seized of certain real property in Queens County. Said property has evidently lain dormant and unattended for more than three years.
The defendant herein turned the estate over to the Public Administrator on or about November 18, 1994 alleging in writing that he had been "unsuccessful in locating any heirs or their whereabouts and cannot proceed.”
SCPA 1412 authorizes the Surrogate’s Court, upon application, to appoint an executor nominated by a decedent as preliminary executor prior to the issuance of process. In support of the enactment of SCPA 1412, the Surrogates of our State submitted the following: "It frequently happens that a proponent of a will is not able to ascertain all of the distributees of the testator until he concludes a lengthy search and inquiry. This search may delay the filing of the petition for two or three months * * * The amendment would give discretion to the court to grant preliminary letters [testamentary] prior to issuance of process * * * for the protection of the *233 estate and its assets.” (Note of Surrogates’ Assn appended to L 1971, ch 883.)
SCPA 307 (2) empowers the Surrogate’s Court to order alternative service of process including service by publication where application demonstrates that personal service is impractical or cannot be effected. (Cf., In re Bazyk’s Will, 155 NYS2d 284; Matter of Was, 138 Misc 521; Matter of Wright, 10 Misc 2d 445.)
The defendant, the decedent Just’s nominated fiduciary, an attorney-at-law, failed to avail himself or the estate of the aforestated provisions of the SCPA. These provisions were drafted with the intent to assist administrators of estates in which difficulties of this very nature are encountered.
Thus the question: To whom may the plaintiff turn to seek payment? The defendant claims to be protected as an individual, by reason of his status as the nominated executor of the decedent’s estate. Yet, he avers that since he has failed to follow the procedures set forth by statute which enable him to fulfill his fiduciary duties, and has abdicated those same duties to the Public Administrator, the plaintiff must now wait for the Public Administrator to act. Thus, the defendant now denies liability while refusing, or failing, to carry out the mandate that would otherwise shield him therefrom. This attempt on the defendant’s part to absolve himself of all responsibility for his acts and/or omissions while leaving the plaintiff without recompense for three years and some undetermined future time period seems hardly just or fair.
It is the opinion of this court that the defendant’s lengthy failure to undertake his fiduciary responsibilities removed the cloak of protection he may have enjoyed by reason of such station, and renders him personally liable on the contract of October 22, 1991 in all of its terms.
Accordingly, the plaintiff is entitled to judgment against the defendant in the amount of $2,286 plus contractual interest of 18% per annum from November 22, 1991 to entry of judgment, statutory interest pursuant to CPLR 5003, costs and disbursements.