OPINION OF THE COURT
C. Raymond Radigan, J.
Decedent died intestate on October 30, 1990. Letters of administration issued to the Public Administrator on April 13, *63 1992. The Public Administrator accounted to the court and the decree settling his account was signed on February 4, 1997 with the net estate being deposited with the Comptroller of the State of New York.
A petition to withdraw the funds currently on deposit with the Comptroller has been filed by the attorney-in-fact for parties alleging themselves to be the decedent’s sister, nieces and nephews. Along with the petition, the attorney-in-fact has submitted substantial documentation in support of the kinship claim along with an affidavit of a genealogist who concludes that the decedent was survived by the one sister and six nieces and nephews represented by the attorney-in-fact.
The issue presented to the court at this time is whether the petitioner must cite and publish against decedent’s “unknown next of kin” in this withdrawal proceeding. These “unknown next of kin” were represented by a guardian ad litem in the original accounting and it has been customary to require process to issue to said “unknowns” in any subsequent withdrawal proceedings with the appointment of a guardian ad litem (oftentimes, the same guardian ad litem as in the original accounting).
In the current proceeding, the petitioner has not cited “unknown next of kin” believing that the proof attached to his petition establishes that there are no unknown kin. This position of the attorney-in-fact begs the question of whether he has established his principals’ rights of inheritance. While the proof submitted along with his petition might suggest that he represents the only kin, nevertheless, none of this proof has been accepted into evidence by the court and it is subject to review and challenge by both the Attorney-General and the Public Administrator, who are necessary parties. In fact, objections to the requested relief have already been filed by the Attorney-General.
It is clear that this matter will have to be set down for a hearing, which the court will assign to one of its court attorney-referees. What is less clear is whether the petitioner must cite and publish against decedent’s unknown next of kin, or whether the matter can proceed without such formal notice and the appointment of a guardian ad litem.
The controlling statute is SCPA 2222, formerly Surrogate’s Court Act § 272, which reads in pertinent part:
“1. Where the person entitled to a * * * distributive share is unknown the decree must direct the fiduciary to pay the *64 amount thereof to the comptroller of the state for the benefit of the * * * persons who may thereafter appear to be entitled thereto * * *
“2. The court * * * upon the petition of a person claiming to be so entitled * * * to the attorney general, the state comptroller and the public administrator * * * may by a reference * * * ascertain the rights of the persons interested and grant an order directing the payment of any money which appears to be due to the claimant * * *
“4. At any time prior to the granting of an order therein notice of the claim * * * shall be given by the petitioner to such persons * * * as directed by the court.”
A careful reading of the statute shows that no notice to unknown next of kin is specifically required. In fact, in a 1951 amendment to the predecessor statute (Surrogate’s Ct Act § 272), a requirement that notice be given to the person who was the guardian ad litem for any unknown distributees in the prior accounting proceeding was deleted. If notice is required to be given to the decedent’s “unknown next of kin”, it can only be required by the court using its discretionary authority under subdivision (4) of SCPA 2222.
This court will not require that any process issue to decedent’s “unknown next of kin”, nor will the appointment of a guardian ad litem be required. In all cases where funds on deposit with the State Comptroller are claimed by a person or persons alleging they are entitled to said sums, the Comptroller, as custodian of the property, is represented by the Attorney-General of the State, whose function is to make every effort to safeguard the funds for the rightful distributees and against any attempt to wrongfully secure the property (Matter of Harris, 23 Misc 2d 595). Charged with the same duty to protect the funds from attempts to wrongfully secure the property is the Public Administrator of the county, who was the custodian of said funds until they were turned over to the Comptroller. The appointment of a guardian ad litem for “unknown next of kin” under these facts would be an unnecessary duplication of efforts and is not required by statute.
Accordingly, the matter is set down for a kinship hearing before court attorney-referee Lawrence P. Murphy on October 8, 1998 at 10:00 a.m.