TOWNER et al. v. TRUSTEES OF DIOCESE OF LONG ISLAND.

(Supreme Court, Special Term, Queens County. March 6, 1913.)

1. DESCENT AND DISTRIBUTION (§ 90*)—ACTION BY HEIRS—COMPLAINT—SUFFICIENCY.

In an action by heirs of a decedent, on behalf of themselves and all other heirs, against a purchaser of land conveyed by decedent's sister under a power of attorney, to recover its reasonable value, on the ground that decedent was of unsound mind when she executed the power of attorney, a complaint alleging that decedent had uncles and aunts, some of whom had died leaving issue, but not alleging whether they died prior or subsequent to her death, or, if subsequent, whether they left wills containing, or which might contain, devises under which their interest in the property would pass, was insufficient.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 351–358, 368–381; Dec. Dig. § 90.*]

2. DESCENT AND DISTRIBUTION (§ 90*)—ACTION BY HEIRS—COMPLAINT—SUFFICIENCY.

In such action the complaint was also defective, because it failed to allege whether the property came to decedent on the part of her father or mother, or from some other source, since, under Decedent Estate Law (Consol. Laws 1909, c. 13) § 88, if it came to her on the part of one of her parents, it would descend only to those collaterally related to her on the part of such parent, and hence it failed to show whether plaintiffs were so related as to have any interest.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 351–358, 368–381; Dec. Dig. § 90.*]

3. PARTIES (§ 10*)—ONE OR MORE SUING ON BEHALF OF ALL INTERESTED.

An action by heirs of a decedent to recover the reasonable value of property conveyed by decedent's sister under a power of attorney, on the ground that decedent was of unsound mind when the power of attorney was executed, was not such an action as might be maintained by some of those interested on behalf of all others similarly situated.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 12; Dec. Dig. § 10.*]

Action by Mary Ann Towner and others, on behalf of themselves and all other heirs of Sarah E. Maurice, deceased, against the Trustees of the Diocese of Long Island. On motion by plaintiffs for an order overruling the demurrer to the complaint. Motion denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Louis A. Brown, for plaintiffs.
Augustus Van Wyck, for defendant.

BENEDICT, J.   Motion by plaintiffs for an order overruling the demurrer of the defendant, brought on as a contested motion.

The plaintiffs sue on behalf of themselves and all other heirs at law of one Sarah E. Maurice, deceased, to recover from the defendant the value of her interest in a certain piece of real property which had been conveyed by her sister Margaret J. Maurice under a power of attorney given to her by the decedent.   The plaintiffs allege that at the time when the deed was given Sarah E. Maurice was of unsound mind, and had been so for a long time prior thereto; that about a year after the date of the deed she was declared incompetent to manage her affairs by reason of unsoundness of mind, and a committee of her person and estate was appointed.

[1] The interest which was so conveyed to the defendant, it is alleged, was subsequently conveyed by the defendant to other persons for a consideration paid in cash, which the defendant received and has retained, and it is alleged that defendant, at the time when it received the deed in question, was aware of the mental condition of the decedent.   The complaint contains allegations that the heirs at law of said decedent are very numerous, the exact number being unknown to the plaintiffs, and that many of them are not residents of this state, and that their names are unknown, and that it is impracticable to bring them all before the court.   It further alleges that the decedent had eight uncles and aunts, whose names are given; but it does not allege whether some of them, who are said to have died leaving issue, had died prior or subsequent to the death of the decedent, and it does not show whether, if they had died subsequently to her death, so that they would be seised of a present vested right of inheritance from her, they had left any wills which would or might contain devises under which their alleged interest in the property would pass.

[2] Aside from this objection to the complaint, which was not argued before me, I think the complaint is also defective in that it does not show whether the real property in question, the value of which the plaintiffs seek to recover, did or did not come to the decedent on the part of either her father or her mother.   Of course, if it came to her from some other source than on the part either of her father or her mother, it would descend, in the contingency mentioned in section 88 of the Decedent Estate Law (Consol. Laws 1909, c. 13), to the brothers and sisters both of the father and mother of the intestate and their descendants in the manner pointed out in that section; but if it came to the decedent on the part of her father, and the plaintiffs or any of them are collaterally related to her on the part of her mother, and there were other persons related to her on the part of her father, the plaintiffs could not maintain the action, and so it is incumbent upon them to show, if the property came to her on the part of either her father or her mother, that all of the plaintiffs are related to her on the part of the parent from whom the property came.

[3] As I am obliged to sustain the demurrer upon the two grounds mentioned, it is not necessary to determine, for the purposes of the

motion, the further ground of demurrer, which is insisted upon, that this is not an action which may be maintained by some persons having an interest in the property on their own behalf and for the benefit of other persons similarly situated, although I am free to say that, if the point were necessary to the decision of this motion, I should hold that the action was not maintainable.

Motion denied, with $10 costs, and with leave to the plaintiffs to amend the complaint, if so advised, upon payment of costs within 20 days.