## In the Matter of the Estate of JULIA WAS, Deceased.

Surrogate's Court, Bronx County, November 26, 1930.

*Kremer & Leavitt,* for the petitioner.

*Arthur A. Beaudry,* for the administratrix.

*Vincent A. O'Connor,* for the Ætna Casualty and Surety Company.

HENDERSON, S.   This is an application by the Consul General of Hungary on behalf of one Alexander Toth, a citizen and resident of Hungary, to reopen a decree made on a final accounting of the administratrix of the estate of the decedent herein, and to direct the payment of a one-third distributive share of the estate to the petitioner.

Eleanore A. Petersen was appointed administratrix of the estate of Julia Was in 1926.   Her petition for letters of administration set forth that she was a daughter of the decedent and that the other heirs at law and next of kin were two other daughters, Mary Hise and Julia Toth and a son, Ladislau Toth, and that the latter two were non-resident aliens who had been absent for thirty years.

In January, 1928, the administratrix commenced a proceeding to sell decedent's real property and the conveyance thereof was confirmed on April 30, 1928.   Both Julia Toth and Ladislau Toth were served with citation by publication as their whereabouts were unknown to the petitioner.   Neither appeared and a special guardian was appointed to protect their interests.

It appeared that Julia Toth disappeared in 1892 while living with her mother in New York city and nothing further was ever heard of her.   Ladislau Toth never came to the United States. It was known that until 1907 he resided in Edeleny, Hungary, after which date his whereabouts were unknown.   One Ladislau Toth, a soldier in the Austrian army, was reported missing after one of the engagements during the World War and it was the belief of the decedent that her son died in service.

Alexander Toth alleges through the Consul General of Hungary that he is the son of Ladislau Toth, and is one of the heirs at law and next of kin of the decedent and entitled to a one-third distributive share of the decedent's estate.

On September 22, 1928, the administratrix applied for the judicial settlement of her account and prayed that it be adjudged that said Julia Toth and Ladislau Toth are dead and died unmarried prior to the death of the decedent, and that the petitioner Eleanore A. Petersen, and her sister, Mary Hise, are entitled to the entire estate. A citation was served by publication on Julia Toth and Ladislau Toth, if living, and if dead, on persons claiming under them. A special guardian was appointed for Julia Toth and Ladislau Toth or any one claiming through them. It appears that the special guardian made an earnest and diligent effort to locate Ladislau Toth and any next of kin that he might have. After taking proof in the matter, the surrogate made a decree dated August 7, 1929, adjudging that Julia Toth and Ladislau Toth were presumed to be dead and to have died prior to the death of the decedent, unmarried, intestate and without issue. It directed the administratrix, after paying certain debts and administration expenses, to pay over the balance in equal shares to Mary Hise and to Eleanore A. Petersen. The administratrix disbursed all the moneys of the estate in accordance with the decree.

Alexander Toth, the alleged son of Ladislau Toth, was cited in accordance with the statute, and a special guardian was appointed who represented him on the accounting. The court, therefore, not only had jurisdiction of the subject-matter, but of the person of the alleged grandson of the decedent. It is not contended by the petitioner that the administratrix was guilty of any fraud or breach of duty. She has made distribution of the estate in accordance with the decree as she was required to do by law. If there were no provision for the citation of missing and unknown heirs at law and next of kin, and if the decree of the court in such cases were not binding upon them, many estates could not be distributed and an administrator would be acting at his peril in distributing the estate. The very purpose of the statute is to make distribution possible and to protect the administrator in the faithful performance of his duties. If such a decree were opened upon the application of any duly cited missing or unknown heir, it would lead to multitudinous actions, and work a hardship upon the administrator. In the instant case, were the administratrix required to pay his distributive share to the alleged grandson of the decedent, she might later be met with a similar demand from his father on the theory that the second decree erroneously directed payment

to. the son. The next of kin of Julia Toth and later Julia might make similar demands. She would be subjected to the annoyance of litigation, and if their claims were established, to personally respond for money which she had never received and through no fault on her part. Such a result is repugnant to the law. (*Matter of Killan*, 172 N. Y. 547.) It was there held that an unknown next of kin who had not been cited might demand a new accounting. It was, however, pointed out that a citation properly issued would have been binding on such next of kin. The question which the petitioner seeks to raise was heard and determined. The court by reason of the citation duly served had jurisdiction of the person of Alexander Toth. The administratrix having fully complied with the decree entered upon that hearing and determination, the decree is a complete discharge of the administratrix as to all matters embraced therein and in her account and is conclusive against decedent's alleged grandson on whose behalf this application is made. (Surr. Ct. Act, §§ 80, 274; *Matter of Hodgman*, 140 N. Y. 421, 430; *Platt* v. *N. Y. & Sea Beach Ry. Co.*, 170 id. 451, 458.) The application is denied. Settle order accordingly.