In the Matter of the Estate of CHARLES J. WEISS, Deceased.

Surrogate's Court, Bronx County, July 25, 1931.

*Victor E. Gartz,* for Consul General of Poland.
*Lawrence R. Condon,* for public administrator of Bronx county.
*Albert Van Winkle,* for Consul General of Germany.

HENDERSON, S. The Acting Consul General of the Republic of Poland in the city of New York petitions that the decree of distribution entered on December 30, 1925, in the proceeding for the judicial settlement of the account of proceedings of the former public administrator of the county of Bronx, as administrator of the estate of Charles J. Weiss, deceased, be vacated and set aside, and that a new decree be entered " making distribution in accordance with the actual proof of kinship to be established and submitted herein." The decree, after providing for commissions, costs and an allowance for legal services, directed payment of the balance of the personalty to the Consul General of Germany at the city of New York, as the duly appointed attorney in fact for " Meta Adele Schmeisser, as and for the distributive share to which she is entitled under the statute on this accounting."

The petitioner alleges that one Klara Wilhelmina Albertina Kwiatkowska, residing at Warsaw in the Republic of Poland, is one of decedent's two next of kin and heirs at law, and that on March 2, 1926, she executed an instrument empowering and authorizing " the Consulate General of Poland in the City of New York to act on her behalf." His application is based on the allegation that she " was not a party to the judicial settlement heretofore had herein,— nor to a decree determining her rights to the real property " of which the decedent died seized. He also alleges that the only other next of kin and heir at law of the decedent is the said Meta Adele Schmeisser, a resident of Hamburg-Grossborstel, Germany, and that each of such next of kin is a first cousin of the decedent. In an affidavit of his attorney filed subsequently it is alleged that Meta Adele Schmeisser died June 28, 1928, leaving certain alleged heirs at law and next of kin therein named. It does not appear whether she died testate or intestate or whether or not she has any legal representative.

The decedent died intestate, a citizen of the United States and a resident of Bronx county on July 25, 1923, leaving no next of kin or heirs at law in the United States, and no widow. Letters of administration on his estate were duly granted to the former public administrator of the county of Bronx on December 22, 1923. The administrator, as required by statute (Laws of 1898, chap. 230, § 24, subd. 6), duly published a notice to the widow, next of kin, heirs at law, creditors and other claimants against decedent's estate, requiring them to file their claims with him on or before April 10, 1924. No claim of interest as a next of kin or heir at law was presented except on behalf of the said Meta Adele Schmeisser.

On December 1, 1925, the administrator filed his account and petition for its judicial settlement, in each of which he alleged:

"Upon information and belief decedent * * * left him surviving certain next of kin who are entitled to share in the distribution of the estate of the deceased but whose names are unknown and who, upon information and belief reside in the Republic of Germany and Republic of Poland," and that as far as can be ascertained the only next of kin who may or may not be entitled to share in the estate depending upon proof of relationship, is Meta Adele Schmeisser, a cousin residing in Germany. He also asked that all necessary and proper parties be cited.

The citation was duly served upon the Consul General of Poland at the city of New York, and this court thereby obtained jurisdiction over any and all of decedent's next of kin then resident in Poland, including the present claimant of kinship to the decedent. (Laws of 1898, chap. 230, § 19; Laws of 1912, chap. 548, §§ 3, 11.)

So much of such section 19 as is now material reads:

" § 19. * * * During the administration of any estate by the public administrator, * * * upon his accounting, * * * the consul or consul-general or consular representative, resident in the city of New York or his deputy may appear in person or by attorney for any person interested in the estate as * * * next of kin, * * * who is then a resident of the county which the said consul, consul-general or consular representative, represents, without filing a power of attorney or other authority with the surrogate; and in the case of accountings may * * * consent to the entry of a decree therein; and all citations now required by law to be served upon such persons may in the discretion of the public administrator be served upon said consuls, consuls-general or consular representatives or their deputies in lieu of service upon them eight days before the return day thereof; * * *."

Chapter 230 of the Laws of 1898, as amended by section 1 of chapter 533 of the Laws of 1915, chapter 695 of the Laws of 1917, and chapter 334 of the Laws of 1919, confers authority and powers upon the public administrator of the county of New York, but section 3 of chapter 548 of the Laws of 1912, as amended by chapter 825 of the Laws of 1913, chapter 632 of the Laws of 1918, and chapter 738 of the Laws of 1920, provides that the public administrator of the county of Bronx " shall have all the authority and powers within said county of Bronx as are now conferred by law upon the public administrator of the county of New York," and section 11 of chapter 548 of the Laws of 1912 provides that all acts and parts of acts specially applicable to the county of New York in force in the borough of The Bronx and not inconsistent with such chapter, shall continue in full force and effect in the

county of Bronx, as though the said county had been in existence when such acts were passed as though the name of said county of Bronx had appeared in said acts or parts of acts wherever the name of the county of New York appears therein.

The exercise of such authority and powers has been repeatedly upheld in this court (*Matter of Kroog*, 84 Misc. 676; *Matter of McMullen*, 85 id. 661, 665; *Matter of Hammer*, 105 id. 721), and they were not modified by the enactment of the Surrogate's Court Act (Surr. Ct. Act, § 317).

After the service of the citation upon the Polish Consul, the Consulate General of Poland referred it " in due course to Victor E. Gartz, its attorney," who now represents the present petitioner. Although he filed no written notice of appearance, the same attorney participated in the accounting proceeding as attorney for the Polish Consul. No answer or objection to said petition or account or to the amended petition and supplemental account hereinafter mentioned, was filed by or on behalf of the Polish Consul or by or on behalf of any resident of Poland. The citation was also duly served upon the Consul General of Germany at the city of New York, who duly appeared in behalf of Meta Adele Schmeisser by his present attorney who filed a notice of appearance as attorney for said Meta Adele Schmeisser. After the return of the citation the respective attorneys for the German and Polish Consuls General conferred with the administrator and examined one Caroline A. Schroeder, who had presented a claim to the entire estate under an alleged agreement by the decedent. She was ·examined in the presence of her attorney with reference to the relatives of the decedent, and her affidavit as to such relatives, together with two affidavits of residents of Hamburg, Germany, and a certificate of the German Consul General, all concerning decedent's next of kin, were annexed to the supplemental account hereinafter mentioned, and filed therewith.

On December 29, 1925, the administrator, with the written consent of the said attorney acting on behalf of the Polish Consul General, filed an amended petition and a supplemental account in each of which he alleged that the decedent's only next of kin was the said Meta Adele Schmeisser, a cousin who resided in Hamburg-Grossborstel, Germany. At the same time he presented for signature and entry the decree now sought to be vacated, together with a stipulation annexed thereto, signed by the respective attorneys for Caroline A. Schroeder, for Meta Adele Schmeisser, and for " Consulate General of Poland in the City of New York," which reads in part, " and we hereby approve said supplemental account as filed and consent to the entry of the annexed decree without

further notice." The petitioner's attorney, who verified a reply herein, admits that he signed such stipulation " on behalf of the Consul General of Poland in the City of New York." The allegation in the amended petition, the supplemental account and the affidavits filed therewith, that Meta Adele Schmeisser was decedent's sole next of kin, was not controverted by answer, objection or other proof, and must be considered as duly established (Surr. Ct. Act, § 76), even in the absence of an approval of the account or a consent to the entry of the decree, neither of which was necessary to the determination of kinship. The petitioner now contends in a brief submitted by his said attorney that the Consulate General of Poland had no authority or power to give such consent. Our statutes, above cited, however, did give him such authority in that proceeding. Whether or not he or the attorney who purported to act for him had such authority or power is immaterial, as this court had jurisdiction to make a decree, without any approval or consent, that would be conclusive against the present claimant over whom jurisdiction had been duly obtained by the service of the citation upon such Consul General as provided by the statutes of this State.

The petitioner also contends that the citation " does not preclude the alien non-resident next of kin in Poland because it fails to recite the fact that the ' Consul General of Poland at the City of New York ' was cited on behalf of unknown heirs at law and next of kin residing in Poland " and because the public administrator did not serve " citations by publication upon any possible unknown heirs at law and next of kin of the decedent in Poland." Neither such recital nor such service was necessary. The statutes above cited permitted the public administrator to serve the citation upon such Consul General in lieu of service upon residents of Poland, and did not prescribe or require any recitals in such citation.

The record of the proceeding discloses that the sole purpose of citing the Polish Consul was to obtain jurisdiction over any unknown next of kin who might be residents of Poland. A " reply " in the present application is verified by the same attorney to whom the Consulate General of Poland in the city of New York referred the citation served upon the Polish Consul General. In the reply he " admits that the Consul General of Poland appeared herein *ex virtute officii*, and on behalf of himself." There is nothing in the account or the petition for its settlement that would make such appearance proper, except on behalf of his nationals. It is also therein admitted that the attorney attended at this court and at the office of the public administrator, that the latter had a conference with the attorneys for one Caroline A. Schroeder,

for the German Consul and for the Polish Consul, at which the three attorneys examined the affidavits submitted by the German Consul and also examined said Caroline A. Schroeder, whose statements were incorporated in an affidavit filed in the proceeding. This examination and these affidavits were concerned with the relatives of the decedent and the affidavits were filed as proof of the persons constituting decedent's next of kin and their relationship to him. They have no bearing on any other matter, except on the question of decedent's heirs at law. The reply also admits that the same attorney signed the stipulation consenting to the filing of the amended petition and supplemental account, approving the supplemental account and consenting to the entry of the decree " on behalf of the Consul General of Poland." I can conceive of no explanation of this participation in that proceeding by the attorney for the Polish Consul, other than that such Consul was acting for possible next of kin resident in Poland.

Not only is there no intimation that the administrator was guilty of fraud, negligence or bad faith, but the entire record of the proceedings, summarized above, discloses that he made every effort to ascertain the persons entitled to distribution as decedent's next of kin.

It may be that the present claimant is of the same degree of kinship to the decedent as the person for whom the net estate was paid to the German Consul; but she was duly cited in accordance with the above-cited statutes relating to the administration of estates by the public administrator of Bronx county, and she was apparently represented throughout the proceeding by the attorney for the present petitioner, who approved the amended account and consented to the entry of the decree as " Attorney for Consulate General of Poland in the City of New York."

The issue of kinship which the petitioner now seeks to raise on behalf of the present claimant, was necessarily determined by the surrogate in the accounting proceeding to which the present claimant was a party. The administrator has fully complied with the provisions of the decree and has distributed the estate in accordance therewith as he was required to do by aw. The decree, therefore, is a complete discharge and exoneration of the administrator as to all matters embraced therein and in his account and supplemental account, and is conclusive against the present claimant and the petitioner acting in her behalf. (Surr. Ct. Act, §§ 80, 274; *Matter of Was*, 138 Misc. 521, 524, and cases cited therein.)

As I said in *Matter of Was* (*supra*) with reference to a somewhat similar application to reopen a decree settling the account of an administratrix, it would be repugnant to the law to subject an

administrator, through no fault of his, to the annoyance of multitudinous litigation and to the payment of moneys which he had never received. Such, however, would be the result if a decree settling an administrator's account were opened from time to time upon the applications of persons duly cited upon such settlement in accordance with the statute, but who may later be able to prove relationship to the decedent in a degree equal to or nearer than that of the persons to whom distribution had been duly decreed. The very purpose of the statutes relating to the citation of missing and unknown heirs at law and next of kin and of residents in foreign countries is to make distribution possible, and, under the present circumstances, to protect the public administrator in the faithful performance of his duties.

In any event, the present public administrator, although he succeeded his predecessor as administrator of this estate without reissuance of letters (Laws of 1898, chap. 230, § 32; Laws of 1912, chap. 548, §§ 3, 11), is not personally responsible for the acts or omissions, if any, of such predecessor, nor for the distribution of any assets that did not come into his hands.

The petitioner also prays " that a decree may be made herein establishing the right of Klara Wilhelmina Albertina Kwiatkowska to the inheritance of the real property " of which the decedent died seized.

The decedent left no widow, descendant, ancestor, brother, sister, descendant of brother or sister, aunt or uncle. Under the statute in effect at the date of his death, surviving descendants of deceased cousins are entitled to share in the real property with surviving cousins, *per stirpes*. Whether such collaterals on the paternal side only, or on the maternal side only, or on both sides, are so entitled depends on whence such inheritance came to the decedent. (Dec. Est. Law, former § 88, subd. 4, in effect in 1923; *Matter of Davenport*, 172 N. Y. 454, 459; *Kidney* v. *Waite*, 178 App. Div. 260, 263; *Ferry* v. *Dunham*, 136 id. 61; *Matter of McMillan*, 126 id. 155, 161; affd., 193 N. Y. 651; *Nelson* v. *Nelson*, 108 Misc. 705, 716.)

The petition neither alleges the source of decedent's title to the real property nor the necessary details of the relationship of the persons therein alleged to be the heirs, and is, therefore, defective. (*Mitchell* v. *Thorne*, 134 N. Y. 536, 541; *Henriques* v. *Yale University*, 28 App. Div. 354, 361; *Towner* v. *Trustees of Diocese of Long Island*, 140 N. Y. Supp. 784.) The affidavit filed as supplemental to the petition does not furnish any of such omissions.

As I have found the petition to be defective, in so far as it seeks probate of heirship, it is unnecessary at this time to determine

whether or not the decree of distribution precludes the present claimant from obtaining such relief.

The petitioner has joined in the same petition an application to open the decree settling the public administrator's account with a proceeding to establish heirship. Neither the public administrator of Bronx county, nor the Consul General of Germany, as such or as the former attorney in fact of Meta Adele Schmeisser, now deceased, is a proper party to the proceeding to establish the right of inheritance, and as to them that proceeding is dismissed.

As I have concluded to deny the application on other grounds, I have not considered the delay of more than three years between the execution of the power of attorney to the Polish Consulate and the inception of this application. Neither have I considered the scope or limitation of petitioner's authority under such power of attorney, which has not been submitted to the court.

So much of the application as seeks the establishment of heirship is denied with leave to Klara Wilhelmina Albertina Kwiatkowska to apply for a decree establishing the right of inheritance to such real property, upon a sufficient petition, under the provisions of article 17 of the Surrogate's Court Act, if she be so advised.

In all other respects the application is denied.

Settle order accordingly.