■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN CAPOSTA (CAPSOTA), Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Relator-appellant appeals from a final order of the Supreme Court, following a hearing, which dismissed his writ of habeas corpus and remanded him to custody. The issue on this appeal is whether the relator was properly sentenced as a fourth offender following his conviction in 1950 and from which judgment of conviction no appeal was taken. The relator challenges a conviction in Federal court in 1946, it being this contention that the indictment to which he pled guilty contained both felony and misdemeanor counts and under the circumstances, his plea was to a misdemeanor. We are convinced that there is no merit to the contentions and the order must be affirmed. The first two counts of the 1946 indictment charge relator with the sale of narcotic drugs on two separate dates and the third count charged him with unlawfully receiving, concealing and facilitating the transportation of a narcotic drug. The crimes charged in the first two counts of the indictment would have constituted felonies under section 1751 of the Penal Law of this State if such crimes had been committed within New York. The crime charged in the third count would not be within the purview of section 1751. Since the oral arguments in this court, documentary evidence has been handed the court (see *People ex rel. Williams* v. *Murphy,* 6 N Y 2d 234–237) and which refutes any possible arguments of the relator. The records are from the United States District Court, Southern District of New York, and reveal that on October 9, 1946, the defendant, while represented by counsel, pled guilty as follows: "THE CLERK: The indictment charges in the first count the unlawful sale of narcotics on the 12th of February 1946, and the second count charges unlawful sale on the 13th of February, 1946, and the third count charges unlawful possession of narcotics on February 18, 1946. Do you withdraw your plea of not guilty and plead guilty? THE DEFENDANT: I plead guilty. THE COURT: Are you guilty? THE DEFENDANT: Yes." It further appears that thereafter on October 16, 1946 the defendant, while still represented by counsel, was sentenced to " Three years on each of counts 1-2-3 to run concurrently and fined $1. on count 3. Payment of fine remitted." This is further verified by the judgment and commitment signed by the sentencing Judge. Under such circumstances, the 1946 conviction was properly classified as a felony conviction and thus may be used as a basis for relator's sentence as a fourth felony offender. (See *People* v. *Gennaro,* 261 App. Div. 533, affd. 287 N. Y. 657; *People ex rel. Knapp* v. *Jackson,* 6 A D 2d 151, motion for leave to appeal denied 5 N Y 2d 707; *People ex rel. Estrada* v. *La Vallee,* 14 A D 2d 931.) The case relied upon by the relator, *People ex rel. Goldman* v. *Denno* (9 N Y 2d 138) is not in point. Order affirmed, without costs. Gibson, J. P., Herlihy, Reynolds and Taylor, JJ., concur.