■ In the Matter of the Estate of CHARLES RILEY, Deceased. FRANCIS J. REILLY, Appellant; EDMUND J. BAISLEY, Respondent.— In a proceeding to judicially settle the account of John C. Glenn, the former Public Administrator of Queens County, as administrator of the decedent's estate, in which Francis J. Reilly, a paternal cousin of the decedent, filed certain objections, the said objectant appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Queens County, entered December 3, 1964 after a hearing upon the court's decision, settling said account, as: (1) adjudged that "upon the oral and documentary proof adduced at the hearing, the Surrogate is not satisfied that the objector has eliminated the possibility of next of kin on the decedent's maternal side"; (2) directed that the estate funds be deposited with the Director of Finance of the City of New York for the benefit of the decedent's unknown distributees; and (3) dismissed the objections without prejudice to further proof in a subsequent proceeding to withdraw the funds so deposited. Decree, insofar as appealed from, reversed on the law and the facts, with costs to all parties filing separate briefs, payable out of the estate; objections sustained; the balance of the estate is directed to be paid to the persons entitled to their respective distributive shares of the estate; the account is to be settled accordingly; and the proceeding is remitted to the Surrogate's Court, Queens County, for the entry of an appropriate decree and for further proceedings not inconsistent herewith. Findings of fact contained or implicit in the decision of the Surrogate, which may be inconsistent herewith, are reversed, and new findings are made as indicated herein. In our opinion, the objectant satisfactorily established, without contradiction, that he and four others: Catherine Tole Brown, Margaret Tole Farmer, Virginia Tole Purdy and Joseph F. Reilly, were the paternal cousins of the decedent and were entitled to share in the distribution of the estate. Under the circumstances herein, we find unpersuasive the Public Administrator's argument that the failure of the objectant to conclusively eliminate the possibility of next of kin of equal or nearer degree on decedent's maternal side required the dismissal of his objections to the administrator's account and the direction that the balance of the estate be paid to the Director of Finance of the City of New York "for the benefit of the unknown distributees" (cf. *Matter of Dowd,* 18 A D 2d 715). Since these claimants have established their status as distributees, we conclude that distribution of the estate should not be withheld from them merely because of the remote possibility, finding no support in the record, that there may be unknown distributees bearing a similar degree of kinship to the decedent, especially since such unknown distributees had been duly cited and since a special guardian had been duly appointed on their behalf (cf. *Matter of Was,* 138 Misc. 521). Upon the present record, it appears that the objectant is entitled to at least a one-fifth

share of the net balance of the estate. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.