OPINION OF THE COURT
Robert F. Doran, S.
The decedent died intestate, a domiciliary of Florida. In this proceeding, the respondent, mother of the decedent, objects on three grounds to the granting of ancillary letters to the petitioner, the widow of the decedent. First, the respondent claims that the petitioner is a felon and is therefore disqualified under SCPA 707 (subd 1, par [d]). Secondly, the respon *692 dent claims that the petitioner is further disqualified on the ground that she is incompetent by reason of dishonesty within the meaning of SCPA 707 (subd 1, par [e]). Finally, the respondent objects to the granting of letters on the ground that the New York State Tax Commission has not been made a party to the proceeding.
The third and final ground is easily disposed of. The record clearly indicates that the Department of Taxation and Finance was notified of the petition for ancillary administration, and the record contains a notice of appearance and consent dated March 7, 1978, properly signed by the attorney for the State Tax Department. The other two grounds are not so easily disposed of.
The respondent points out that the petitioner, upon a guilty plea, was convicted under a Federal indictment charging her with three counts in violation of section 1010 of title 18 of the United States Code in that she: (1) made false statements on a loan application for a Federal Housing Authority loan; (2) forged the signature on said application; and (3) uttered the same as true. This conviction took place January 11, 1955. The sentences were suspended, and the defendant was placed on probation for two years on each count, the probations to run concurrently with each other.
Without question, the conviction was, under Federal law, a felony. However, the problem does not end there.
People v Olah (300 NY 96) and People ex rel. Goldman v Denno (9 NY2d 138) instruct us that we must examine both the Federal statute and the indictment to determine if the crime committed in the Federal jurisdiction would have been a felony if perpetrated in the State of New York. As stated in People ex rel. Goldman v Denno (supra, p 141): "if the indictment accuses the defendant of acts, some of which would in New York support a felony charge and others only a charge of misdemeanor, the resulting conviction upon such an indictment, whether based on a jury’s verdict or the defendant’s plea of guilty, may not be regarded as one for a felony.”
What is the situation where the acts complained of are set forth in separate counts, as is apparently the situation in the instant case? Clearly, if the indictment alleged in a separate count the forging of a signature on an F.H.A. loan and if such an act under New York law constitutes a felony and the petitioner herein pleaded guilty to that count, then, regardless of whether a plea of guilty to the count charging false state *693 ments on the loan application would be a felony or a misdemeanor under New York law, the petitioner must be deemed convicted of a felony within the meaning of SCPA 707 (subd 1, par [d]) (People ex rel. Caposta v La Vallee, 18 AD2d 950).
From the documents submitted, it is clear that the conviction was based on a single loan application for an F.H.A. loan. It is also clear that the petitioner was alleged to have made a false statement on that loan application, was alleged to have forged the signature of another person on that application, and that she uttered the same as true. However, an analysis of the pertinent provisions of the New York State Penal Law would lead one to conclude that each of these convictions would be for an act that constituted a misdemeanor under New York law.
A conviction under the first count (namely, that of making a false statement on a loan application for an F.H.A. loan) would at most be a class A misdemeanor under section 175.45 of the Penal Law.
The forging of the signature of another person on said application would at most be forgery in the third degree, a class A misdemeanor under section 170.05 of the Penal Law.
Finally, uttering said instrument would at most be criminal possession of a forged instrument in the third degree, a class A misdemeanor under section 170.20 of the Penal Law. Thus, this court concludes that whether or not separate counts were involved in the Federal conviction of the petitioner (and it is unclear from the certificates of conviction submitted that separate counts were in fact involved), applying the above principles to the instant case, there can be no doubt that the petitioner’s previous Federal convictions were for crimes which would have not been felonies in New York State. Thus, petitioner is not disqualified under SCPA 707 (subd 1, par [d]).
The answer to the respondent’s third claim cannot be found in the papers alone. The respondent has charged that the petitioner is incompetent by reason of her dishonesty within the meaning of SCPA 707 (subd 1, par [e]). Respondent relies not only on the Federal convictions but also on the allegation, as yet unproved, that the petitioner, in applying for her marriage license with the decedent, falsely stated that it was her second marriage when in fact it was her fourth marriage. The respondent also alleges that the petitioner has used several aliases for suspicious reasons. The respondent *694 alleges that these facts are sufficient, in combination, to deny ancillary letters to the petitioner based on her dishonesty. The court concludes that it cannot determine on the papers alone whether the petitioner is incompetent by reason of dishonesty within the meaning of SCPA 707 (subd 1, par [e]). A plenary hearing is necessary to determine if the allegations of the respondent are true. Only then can a proper determination be made as to whether the petitioner should be denied letters based on incompetency by reason of dishonesty.
The respondent in her papers raises one remaining issue. The respondent, citing EPTL 3-5.1, takes the position that a bond owned by the decedent located in New York and secured by a mortgage on New York real property should be considered real property for all purposes.
However, a thorough reading of EPTL 3-5.1, in particular, 3-5.1 (subds [a], [b], [i]), leads one to the inescapable conclusion that whether a mortgage is real property or personal can be determined only by examining the substantive law of the State where the real property is located. In short, EPTL 3-5.1 does not necessarily say that a mortgage on a piece of New York real estate is real property for purposes of determining the manner in which such property descends when not disposed of by will.
Samuel Hoffman, in his Practice Commentary (McKinney’s Cons Laws of NY, Book 17B, EPTL 3-5.1, p 448) states: "Paragraph (a) carefully defines the key terms that appear throughout the section. Perhaps most notable is the definition of 'real property’ as including leaseholds of, and fixtures, mortgages or other liens on, land. These latter 'interests’ are, for local law purposes, characterized as 'chattels real’ or species of personal property; this explains the addition of paragraph (i) which codifies case law to the effect that the character of such an interest in land is to be fixed by the local law at the situs”.
In New York State, a mortgage creates no estate in the land but is simply security for the debt or other obligation of the mortgagor. The mortgagee has, by virtue of the mortgage, a mere chose in action secured by a lien upon the land, and not an estate in the land mortgaged. The mortgagor remains the owner of the legal estate, and the mortgagee has only a special or personal interest therein as security for the debt or obligation (38 NY Jur, Mortgages and Deeds of Trust, § 111). The mortgage creates no estate in the land but is simply *695 security for a debt. It is a lien, encumbrance or security upon the mortgaged premises as an incident to the debt which it is intended to secure, and it cannot be separated from the debt and exist independently of it (38 NY Jur, Mortgages and Deeds of Trust, § 1).
In New York State, the mortgagor’s interest descends to his heirs as real estate, and judgments against him are liens upon the land, and his interest in the land can be sold or exchanged. On the other hand, the mortgagee has no attribute of ownership in the land. He cannot in any way convey, devise, mortgage or encumber the land; the land is not liable to his debts; his interest passes to his personal representative as personal estate even if he should die in possession; his interest may be conveyed without deed by delivery only, and it passes by any transfer of the debt and is extinguished by payment or by whatever extinguishes the debt (Siegel v Atterbury, 254 App Div 514, affd 279 NY 767).
The court also notes that EPTL 13-1.1 (subd [a], par [7]) clearly makes mortgages personal property for purposes of the administration of an estate. Thus, for purposes of this ancillary administration, the bond and mortgage of the decedent shall be considered personal property.
The petitioner is directed to submit a decree denying the granting of letters until such time as a plenary hearing can be held and declaring that the bond and mortgage is personal property.