■ In the Matter of the Estate of JULIA WHELAN, Deceased. MURIEL SCHAUFF et al., Appellants; ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Respondent. — In a proceeding to settle the account rendered by the adminis-

trator of the estate of Julia Whelan, the objectants appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Kings County (Bloom, S.), dated October 28, 1981, as directed that the administrator pay the balance of the estate ($25,485.01) to the Comptroller of the State of New York "for the benefit of the unknown distributees of the said deceased, or those persons who may hereafter appear to be entitled thereto". Decree reversed, insofar as appealed from, on the law, without costs or disbursements, the provisions holding that the balance of the estate is for the benefit of unknown distributees, etc., are deleted and it is directed that the balance of the estate be paid to the objectants. The Attorney-General contends that the Surrogate lacked jurisdiction to determine the instant claim pursuant to SCPA 2225. A citation issued against named individuals and unknown distributees in an accounting proceeding is sufficient to grant jurisdiction (*Matter of Davis,* NYLJ, July 24, 1980, p 6, col 6). The citation in the instant matter provided adequate notice. We have reviewed the testimony adduced at the kinship hearing. It is conceded by the Attorney-General, as well as established by a preponderance of the credible evidence, that the objectants are the nearest surviving paternal relatives or distributees of the deceased and are entitled to share in the estate. We also find, given the small size of the estate, that the objectants made a sufficiently diligent and exhaustive search in an attempt to ascertain and locate any unknown next of kin of equal or nearer degree on decedent's maternal side such as to satisfy the requirements of SCPA 2225 (subd [b]) (*Matter of McGarrity,* 69 AD2d 819; *Matter of Riley,* 24 AD2d 630; cf. *Matter of Evernham,* NYLJ, March 6, 1979, p 16, col 2; *Matter of Krutchowsky,* NYLJ, March 21, 1979, p 13, col 4). Mollen, P. J., Damiani, Titone and Mangano, JJ., concur.