■ MARK I. ROSEN, Respondent, v 124 STATE STREET CORPORATION et al., Appellants.—In a mortgage foreclosure action, the defendants 124 State Street Corporation (hereinafter 124 State) and Rae Rosen separately appeal from an order of the Supreme Court, Kings County (Rader, J.), dated June 15, 1987, which denied their respective motions for summary judgment dismissing the complaint as against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying the motions in their entirety and substituting therefor provisions (1) granting the motions to the extent of striking that portion of the seventh paragraph of the complaint beginning with "That more than ninety (90) days" and ending with "the prior Citibank, N.A. mortgage; and"; and (2) in all other respects denying the motions, as so modified; the order is affirmed, without costs or disbursements.

In view of the specific findings of the Supreme Court as set forth in its memorandum decision dated May 12, 1987, that the plaintiff failed to refute the documentary evidence presented by the appellants which established that the mortgagee, 124 State, was not in violation of the mortgage agreement by either failing to remove or remedy a violation placed on the premises by the Department of Buildings of the City of New York or conducting unauthorized demolition work on the premises, that portion of the complaint which is premised on these claims should have been dismissed (see, Kaplow v Katz, 120 AD2d 569). However, the defendants have failed to present sufficient evidence to establish that no triable issues of fact exist with regard to the plaintiff's claim that 124 State did not obtain sufficient insurance coverage on the subject premises as required by the mortgage agreement. Accordingly, so much of the defendants' summary judgment motions which were to dismiss this claim were properly denied.

We reject the contention of the defendant Rosen, a comortgagee on the mortgage sought to be foreclosed herein, that the complaint should be dismissed because she did not consent to the action. "If [a] mortgage and debt are held by more than one person all should join [in the foreclosure action]. If one of those parties refuses to join the plaintiff, he may be joined as defendant" (2 Mortgages and Mortgage Foreclosure New York § 32:4, at 57 [rev ed]; see also, CPLR 1001 [a]). Thus, the appellant Rae Rosen was properly joined as a defendant to this action. Mollen, P. J., Lawrence, Weinstein and Balletta, JJ., concur.