■ In the Matter of the Estate of BETTINA JENNINGS, Deceased. CHARLES M. TOMASELLI, as Executor of BETTINA JENNINGS, Deceased, and as Successor Trustee of the Trusts Created Under the Last Will and Testament of LENA MANKOWSKI, Deceased, Appellant; ATTORNEY GENERAL OF THE STATE OF NEW YORK et al., Respondents. [775 NYS2d 119]—

Kane, J. Appeal from an order of the Surrogate's Court of Warren County (Austin, S.), entered March 31, 2003, which determined that the corpuses of two trusts be distributed to the Comptroller.

Lena Mankowski died testate in 1949. Her will created two trusts, one benefitting her daughter and the other benefitting the daughter's children. Upon the daughter's death, the trust for her benefit was to be divided into trusts benefitting the daughter's children. As relevant here, each trust benefitting the

daughter's children paid income to that child during the child's lifetime and, upon termination, paid the corpus to that child's issue, or if that child had no issue then to Mankowski's issue "then living." In 1949, Mankowski was survived by her daughter and the daughter's two children, Barbara G. Schutt and Bettina Jennings. Mankowski's daughter died testate in 1967. At that time, the first trust was divided into two trusts, one for Schutt and one for Jennings. After Schutt died without issue in 1986, Jennings, as Mankowski's issue, received outright the corpus of the two trusts created for Schutt's benefit. Jennings died in 1998, also without issue.

Petitioner, successor trustee of the trusts and executor of Jennings' will, filed a petition for, among other things, approval to distribute the corpuses of the trusts to Jennings' estate and Schutt's estate. Schutt's estate objected, instead seeking all of both trust corpuses. The Attorney General, representing the interests of the State in funds which may escheat, objected and asserted that the trust corpuses must be distributed to the Comptroller pursuant to SCPA 2222.[1] Surrogate's Court concluded that under the will, the trust corpuses were payable to Mankowski's issue then living and, as no such issue had been identified, the funds should be distributed to the Comptroller. Petitioner appeals.

Contrary to petitioner's assertion that Surrogate's Court failed to adhere to the rules of will construction, the court did not construe the will. Under the plain language of the will, the trust corpuses were payable to Mankowski's issue living at the time of Jennings' death. The court held that such issue were "unknown" and ordered distribution to the Comptroller. This was error. We remit because the court should have attempted to identify who, if anyone,[2] fit into that class of beneficiaries. This should be accomplished by holding a kinship hearing, after ensuring that proper notice was given (see SCPA 2225) and appointing a guardian ad litem to represent the interests of the undetermined issue (see SCPA 403 [2]; 103 [40] [d] [defining those under a disability as including persons who are "unknown or whose whereabouts are unknown"]; Matter of Riley, 24 AD2d 630 [1965]). Considering that more than three years have passed since Jennings' death, if petitioner establishes by a preponderance of the evidence that a diligent and exhaustive search was

---

**1.** SCPA 2222 provides that a fiduciary must distribute the legacy or distributive share of any unknown persons to the Comptroller to be held for the benefit of such persons.

**2.** The parties' submissions indicate that it is likely that Mankowski had no issue living after Jennings' death.

conducted and there are no individuals who were Mankowski's issue living at Jennings' death (*see* SCPA 2225 [b]; *Matter of Whelan*, 93 AD2d 891, 892 [1983], *affd* 62 NY2d 657 [1984]; *Matter of McGarrity*, 69 AD2d 819 [1979]), then the court must construe the will to determine who is entitled to the trust corpuses.

Peters, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Surrogate's Court of Warren County for further proceedings not inconsistent with this Court's decision.