■ In the Matter of LISA JORDAN, Also Known as ERNA ELISABETH MATHIESSEN and Others, Deceased. FRIEDRICH J.G. AUFSCHLAGER et al., Appellants; ETHEL GRIFFIN, as Public Administrator of the County of New York, Respondent. [859 NYS2d 447]—

Order, Surrogate's Court, New York County (Renee R. Roth, S.), entered on or about January 22, 2008, which denied the petition to revoke letters of administration issued to respondent, unanimously affirmed, with costs.

Respondent sought letters of administration after decedent died intestate. Petitioners cross-petitioned for letters to be issued to them on the ground that they were purportedly two of the seven maternal first cousins and sole potential distributees of the estate.

Letters were issued in June 2007 to respondent because the purported cousins were only from the maternal side of the decedent's family, and Surrogate's Court Procedure Act § 1001 (1) (f) (ii) requires that in such instances letters must be issued to the Public Administrator. Within six days of the issuance of letters to respondent, petitioners moved to revoke them on the grounds that they now had a list of 14 purported paternal first cousins of the decedent, obviating the necessity for any further interest by the Public Administrator, and because the estate had allegedly suffered irreparable harm from lack of proper attention by the Public Administrator with regard to four specific matters.

With regard to petitioners' claims of mismanagement, letters of administration were issued to respondent on June 6, 2007, and the petition to revoke those letters was sworn to only five days later. There is no viable claim that the estate was mismanaged by the respondent during that short period of time. They cite an incident that took place on May 26, 2007 at one of the decedent's properties, which predated the issuance of letters. Respondent was thus without power to prevent that incident, and there is no indication she was ever alerted to any situation that would have warranted her seeking temporary letters. In any event, no harm occurred to the estate as a result of the incident, since the repairs were timely made, and apparently at no greater cost than if respondent had arranged for them. The remaining instances cited by petitioners involved situations where the estate could be exposed to future harm, and not where the estate had already suffered irreparable harm as alleged in the petition.

Under SCPA 711 (2), in order to revoke respondent's letters, petitioners were required to show not only that the estate suffered harm, but that respondent's alleged misconduct was such

that it established her unfitness for administering the estate. Petitioners offered no such evidence.

Petitioners also failed to offer proof sufficient to establish their superior entitlement to letters of administration over respondent. Only a person who is a distributee of the decedent is entitled to receive letters of administration (*see* SCPA 1001 [1] [f] [ii]). In order to establish their interest as distributees, petitioners, who claimed to be first cousins, were required to exclude the existence of closer surviving relatives, prove their bona fides as first cousins, and limit the class of possible distributees, i.e., establish the maximum number of potential distributees in their class (*Matter of Morrow*, 187 Misc 2d 742, 743 [2001]). They failed to carry this burden. The only evidence they offered was a family tree affidavit executed by their counsel, who claims to have also been decedent's counsel and to have known her for five years prior to her death. The circumstances show, however, that petitioners' counsel apparently did not have personal knowledge of decedent's maternal or paternal first cousins, and only received such information from interested parties (*see* 22 NYCRR 207.16 [b] [2]; [c]). Moreover, the family tree affidavit contained critical omissions regarding the dates of death of three paternal aunts and uncles, and listed someone as a paternal first cousin who, in later documentation submitted by petitioners, was shown not to be such. Accordingly, the family tree affidavit, standing alone, was insufficient to support petitioners' claim.

Even assuming petitioners had sufficient proof of their status as maternal cousins and the status of the paternal cousins, they are nonetheless legally ineligible to supersede the Public Administrator, since they failed to provide notice of their petition to revoke to the alleged paternal cousins. Petitioners had notice of—and were parties to—the original appointment proceeding, and are thus ineligible to supersede the Public Administrator in this matter (*see* SCPA 1121; *cf. Matter of Williams*, 245 AD2d 126 [1997]).

We have considered petitioners' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Catterson, Moskowitz and Acosta, JJ.