McCarthy, J.
Appeals (1) from an order of the Supreme Court (Meddaugh, J.), entered March 24, 2014 in Sullivan County, which, among other things, granted plaintiff’s renewed motion for a judgment of foreclosure and sale, and (2) from the judgment entered thereon.
In July 2003, Rosalee McKenna (hereinafter decedent) and Patrick McKenna (hereinafter McKenna) became the holders of a note and mortgage for a parcel of land located in the Village of Monticello, Sullivan County. Following decedent’s death in October 2004, McKenna assigned “all of his . . . right, title, interest and estate” in the note and mortgage to Bayview Financial, LP. Bayview Financial then assigned the same to plaintiff several days later. The assignment, as well as the rec *1198 ord of the underlying note and mortgage, unambiguously state that decedent was a co-holder of the note and mortgage with McKenna. The mortgagors — defendants Michael Sulyman (hereinafter defendant) and Marcelina Y. Garcia — later defaulted on their mortgage payments, prompting plaintiff to commence the instant foreclosure action in October 2010. When defendant failed to answer, plaintiff moved for, among other things, summary judgment in its favor, which motion Supreme Court granted and therewith issued a judgment of foreclosure and sale on the property. Defendant thereafter moved by order to show cause to vacate the judgment of foreclosure and sale on the basis of newly-discovered evidence demonstrating that plaintiff did not have standing in the action (see CPLR 5015 [a] [2]). Supreme Court vacated the judgment of foreclosure and sale and stayed the foreclosure sale, but subsequently granted plaintiff’s motion for a renewed judgment of foreclosure and sale. Defendant now appeals.
“In an action to foreclose a mortgage, all parties having an interest, including persons holding title to the subject premises, must be made a ‘party ... to the action’ ” (Home Sav. of Am. v Gkanios, 233 AD2d 422, 422 [1996], quoting RPAPL 1311 [1]; see Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 403-404 [1983]). Although defendant did not specifically raise the argument that decedent’s estate was a necessary party to the instant action, “the absence of a necessary party may be raised at any stage of the proceedings, by any party or by the court on its own motion” (Matter of Estate of Prospect v New York State Teachers’ Retirement Sys., 13 AD3d 699, 700 [2004] [internal quotation marks and citation omitted]; see Matter of Lezette v Board of Educ., Hudson City School Dist., 35 NY2d 272, 282 [1974]). As noted above, upon decedent’s death, McKenna assigned “his” interest in the mortgage to Bayview Financial, which subsequently assigned it to plaintiff. However, where two individuals are the co-holders of a mortgage and one dies, the plaintiffs in a related foreclosure action would be the living mortgagee — or, in this case, his assignee (see Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307-1308 [2012])—and the personal representative of the deceased mortgagee (see Siegel v Atterbury, 254 App Div 514, 515 [1938], affd 279 NY 767 [1939]; Matter of Caperonis, 95 Misc 2d 690, 695 [Sur Ct, Saratoga County 1978]; see generally EPTL 13-1.1 [a] [7]; Matter of Cincotta, 106 AD3d 998, 998 [2013], lv denied 22 NY3d 857 [2013]).
Here, given the lack of evidence that the corpus and distri *1199 bution of decedent’s estate have previously been determined,* such determination for the first time could inequitably affect decedent’s estate (see generally Matter of McCauley v New York State & Local Employees’ Retirement Sys., 112 AD3d 1211, 1211-1212 [2013]; Apex Two v Terwilliger, 211 AD2d 856, 858 [1995]). We find that decedent’s estate is therefore a necessary party to this action, as “[t]he rights, interests and equities of all of the parties claiming an interest in the mortgaged premises . . . should be settled and determined before any judgment of foreclosure and sale is entered” (Quinlan v Olson Constr. Co., 153 App Div 140, 142 [1912]; see generally CPLR 1001 [a]; Rosen v 124 State St. Corp., 141 AD2d 812, 812 [1988]; Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d at 403; compare NC Venture I, L.P. v Complete Analysis, Inc., 22 AD3d 540, 542-543 [2005]), and decedent’s estate has not been provided an opportunity to assert such an interest. Accordingly, we remit this matter to Supreme Court for joinder of the estate as a necessary party, provided that it is subject to the jurisdiction of the court, or if not, to permit the estate’s joinder by stipulation, motion or otherwise (see Matter of McCauley v New York State & Local Employees’ Retirement Sys., 112 AD3d at 1212; Matter of Smith v New York State Off. of the Attorney Gen., 110 AD3d 1201, 1205 [2013]).
Defendant’s remaining contentions are rendered academic by our decision.
Lahtinen, J.P., Rose and Clark, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff’s renewed motion for a judgment of foreclosure and sale; said motion denied; and, as so modified, affirmed. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.

 Plaintiffs assertion that McKenna automatically inherited decedent’s share of the mortgage and thus intended to assign full ownership in the mortgage to Bayview Financial is not supported by the plain language of the assignment (compare Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307-1308 [2012]) and also assumes, without any record support, that decedent’s entire estate was distributed to McKenna (see Matter of Jennings, 6 AD3d 867, 868-869 [2004]).