| Matter of Baker |
|:---:|
| 2025 NY Slip Op 31360(U) |
| April 16, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2016-4312/A |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK



----------------------------------------------------------------------X
Accounting of the Public Administrator of the
County of New York as Administrator of the Estate of

DECISION

HENRY BAKER, a/k/a
HENRY L. BAKER, a/k/a
HENRY JUDD BAKER,

File No. 2016-4312/A

Deceased.
----------------------------------------------------------------------X

GINGOLD, S.

Incident to this final accounting in the Estate of Henry Baker, the Public Administrator seeks to dismiss without prejudice the kinship objections raised by alleged distributees and to deposit the net estate with the Commissioner of Finance of the City of New York. Decedent died on August 28, 2016, leaving a gross estate valued at approximately $178,096.46.

The Public Administrator first filed her petition on June 4, 2020. Over the course of the next three years, the following individuals filed objections: 1) Joan Thomas McFarland, alleged niece, 2) Amanda Thomas, alleged grandniece, 3) Gabrielle Thomas, alleged grandniece, 4) Charlie Baker III, alleged nephew, 5) Maria E. Baker, fiduciary of alleged post-deceased sibling, 6) Elijah Thomas, Jr., alleged nephew, 7) John Thomas, alleged nephew, 8) Janice M. McBride, alleged niece, and 9) Ethel Alean Baker, alleged sibling (collectively, Objectants).

The court tried to schedule an initial kinship hearing in this matter numerous times, to no avail. Eventually, Objectants' counsel lost communication with Objectants and the court relieved her of representation on such grounds in May of 2024. In response to an Order sent by the court to the Objectants as *pro se* litigants rescheduling the hearing, the court was informed that in July of 2024 Ethel Alean Baker had post-deceased. However, no fiduciary was appointed for her estate in the time allotted by the court, and she was not substituted as a party. Consequently, her objections were dismissed by court Order on March 3, 2025. The court then scheduled a kinship

hearing, which constituted its sixth attempt at doing so, for April 2, 2025 upon proper notice to the remaining Objectants.

A kinship hearing was held on April 2, 2025. All remaining Objectants defaulted in appearance. The Public Administrator then moved to dismiss the remaining objections based upon Objectants' failure to be ready to establish kinship at a hearing and place the net estate in deposit. The guardian *ad litem* appointed to represent the interests of decedent's unknown distributees did not oppose this motion and has also recommended that the net estate assets be deposited pending a kinship determination.

It is well established that objectants have the burden of proving kinship (*Matter of Gavin*, 41 Misc 3d 232 [Sur Ct, Erie County 2013]). Specifically, they must prove by a preponderance of the evidence 1) their relationship to the decedent, 2) the absence of any person with a closer degree of relationship, and 3) the maximum number of persons having the same degree of relationship to the decedent (*Matter of Whelan*, 93 AD2d 891 [2d Dept 1983]). Particularly when alleging that a distributee's relationship to a decedent is derived through another person who is deceased, a family tree diagram should be annexed and supported by evidence consisting of testimony, preferably from a disinterested person such as a professional genealogist, and corroborating documentation (Uniform Rules for Surrogate's Court [22 NYCRR 207.16(b)]; *see also Matter of Jordan*, 52 AD3d 328 [1st Dept 2008]). When it has been at least three years since a decedent's death the court may determine that no distributee or prior class exists other than those before the court, but only if satisfied that an objectant has diligently and exhaustively searched for other potential distributees or classes (SCPA 2225[b]).

Here, Objectants did not prepare a family tree diagram. Neither did they submit, much less enter into evidence, any supporting records or papers. They presented no searches for potential distributees for the purpose of relying on any presumption afforded by SCPA 2225 (b). Objectants

2

[* 2]

did not propose any witnesses and defaulted in appearance at the hearing. Hence, no testimony was taken. Under these circumstances, the court simply must find that Objectants have failed to establish kinship.

Accordingly, it is

ORDERED that the objections of Joan Thomas McFarland, Amanda Thomas, Gabrielle Thomas, Charlie Baker III, Maria E. Baker, Elijah Thomas, Jr., John Thomas, and Janice M. McBride are hereby dismissed, without prejudice, and it is further

ORDERED that the net estate be deposited with the Commissioner of Finance of the City of New York for the benefit of unknown distributees, and it is further

ORDERED that the Public Administrator shall supplement her account by affidavit and, as so supplemented, the account is settled, and it is further

ORDERED that Public Administrator shall settle decree providing for compensation of the guardian ad litem.

The Clerk of the Court shall serve a copy of this decision, which constitutes the order of the court, to all parties in this proceeding by mail at the addresses below.

Dated: April 16th, 2025

_____
S U R R O G A T E

To:

Joan Thomas McFarland
302 Kendallwood Road
West Monroe, LA 71292

John Thomas
1154 LA-605
Newellton, LA 71357

Charlie Baker III
823 West 126th Street
Los Angeles, CA 90044

Elijah Thomas, Jr.
1154 LA-605
Newellton, LA 71357

3

Amanda Thomas
4230 Ridgeway Road
Shreveport, LA 71107

Gabrielle Thomas
4230 Ridgeway Road
Shreveport, LA 71107

Maria E. Baker
1102 West 133rd Street
Gardina, CA 90247

Jerry M. Judin, Esq.
Guardian ad litem
jayjaylaw1@aol.com

Janice M. McBride
12527 Waxwing Park
Houston, TX 77396

Staci A. Graber, Esq.
The Law Office of Staci A. Graber, P.C.
Attorney for the NY County Public Administrator
sgraber@sglawpc.com

Judith A. Woods, Esq., Assistant Attorney General
New York State Office of the Attorney General
Judith.Woods@ag.ny.gov

4